UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| FIFTH THIRD BANK (Southern Indiana) f/k/a THE CITIZENS NATIONAL BANK OF EVANSVILLE,<br>    Plaintiff,<br>v.<br><br>DEVELOPMENTAL DIAGNOSTICS, INC., BARBARA A. BARLOW, HARRIET A. SHEETS, UNITED STATES OF AMERICA - INTERNAL REVENUE SERVICE and UNITED STATES OF AMERICA - SMALL BUSINESS ADMINISTRATION,<br>    Defendants.<br><br>UNITED STATES OF AMERICA, SMALL BUSINESS ADMINISTRATION,<br>    Cross/Counter/Third-Party Plaintiff,<br>vs.<br><br>FIFTH THIRD BANK,<br>    Counter Defendant,<br>vs.<br><br>DEVELOPMENTAL DIAGNOSTICS, INC.; BARBARA A. BARLOW; HARRIET A. SHEETS,<br>    Cross Defendant,<br>vs.<br><br>WORK ABLE, INC., and QUALITY SERVICES OF SOUTHERN INDIANA, INC.,<br>    Third Party Defendants. | Cause No.: 3:05-cv-0010-RLY-WGH<br><br>AGREED JUDGMENT AND ORDER OF FORECLOSURE FOR DEVELOPMENTAL DIAGNOSTICS, INC, ONLY |

## AGREED JUDGMENT AND ORDER OF FORECLOSURE FOR DEVELOPMENTAL DIAGNOSTICS, INC. ONLY

The Plaintiff and Counter Defendant, Fifth Third Bank (Southern Indiana) f/k/a The Citizens National Bank of Evansville ("Bank") and the Defendants, Cross-Defendants and Third-Party Defendants, Developmental Diagnostics, Inc., Barbara A. Barlow, Harriet A. Sheets, Work Able, Inc., and Quality Services of Southern Indiana, Inc., and Defendants, Cross/Counter/Third-Party Plaintiffs, United States of America-Small Business Administration ("SBA") and United States of America-Internal Revenue Service ("IRS") having agreed to the within judgment, and the Court being duly advised in the premises hereby makes the following:

I.

### Findings of Facts

1.     Developmental Diagnostics, Inc. ("Developmental Diagnostics") executed and delivered to the Bank a promissory note dated May 15, 2003, in the original principal amount of Seventy-nine Thousand Three Hundred Thirty-nine Dollars and Eighteen Cents ($79,339.18) ("Promissory Note").

2.     A true, correct and complete copy of the Promissory Note is attached to the Bank's Complaint as Exhibit A.

3.     As of February 4, 2005, Developmental Diagnostics is indebted to the Bank on the Promissory Note in the principal amount of Seventy-nine Thousand Three Hundred Thirty-nine Dollars and Eighteen Cents ($79,339.18), together with interest accrued to said date in the amount of Seven Thousand One Hundred Eighty-eight Dollars and Seventy-five Cents ($7,188.75), which interest shall continue to accrue at the rate of Eighteen Dollars and Seventy-three Cents ($18.73)

as set forth in the Promissory Note until the date of judgment, and together with late charges in the amount of Twenty-three Dollars and Fourteen Cents ($23.14).

4. The Promissory Note is in default due to the failure of Developmental Diagnostics to make installment payments as required by its terms ("Promissory Note Default").

5. Due to the Promissory Note Default, the Bank has accelerated all sums due under the Promissory Note.

6. Pursuant to the Promissory Note, the Bank is entitled to its reasonable attorney fees.

7. Pursuant to the Promissory Note, all sums due under the Promissory Note are payable without relief from valuation and appraisement laws.

8. Developmental Diagnostics executed and delivered unto the Bank a Commercial Real Estate Mortgage and Assignment of Leases dated November 13, 1995, an Open-End Mortgage and Security Agreement dated January 27, 2003, and an Assignment of Rents dated January 27, 2003 (collectively "Mortgage").

9. True, correct and complete copies of the Mortgage are attached to the Bank's Amended Complaint as Exhibit B.

10. The Mortgage granted the Bank a real estate mortgage interest in the following described real estate located in Vanderburgh County, State of Indiana, to-wit:

> Part of Lot Ten (10) in Block Seven (7) in Auburn, an addition to the City of Evansville, as per plat thereof, recorded in Plat Book C, pages 242 and 243, in the office of the Recorder of Vanderburgh County, Indiana, more particularly described as follows:
>
> Beginning at the southwest corner of said Lot Ten (10); thence north on the west line thereof, two hundred twenty-six (226) feet; thence east, parallel with the south

      line of said lot, forty-five (45) feet; thence south, parallel with the west line of said lot, two hundred twenty-six (226) feet; thence west on the south line of said lot forty-five (45) feet to the place of beginning.

      ALSO, Lot Eleven (11) in Block Seven (7) in Auburn, an addition to the City of Evansville, as per plat thereof, recorded in Plat Book C, pages 242 and 243, in the office of the Recorder of Vanderburgh County, Indiana.

commonly known as 1018 Lincoln Avenue, Evansville, Indiana, together with improvements located thereon and all tenements, hereditaments, easements, appurtenances and other rights and privileges thereunto, and subject to the provisions hereinafter and hereinbefore set forth, ("Real Estate") and said tract shall be sold to the person, firm or corporation submitting the highest bid for such tract, as more particularly described in the Mortgage.

11.    The Mortgage secures the Promissory Note.

12.    Developmental Diagnostics is in default under the Mortgage due to the Promissory Note Default.

13.    The Bank is entitled to a judgment of foreclosure by reason of the aforesaid default of Developmental Diagnostics.

14.    Pursuant to the terms of the Mortgage, the Bank is entitled to a judgment for sums expended for an abstract or other title evidence, and for sums expended for taxes and insurance, including $44,347.26 for taxes paid to Vanderburgh County Auditor on August 22, 2005.

15.    Developmental Diagnostics executed and delivered unto the Bank security agreements dated December 12, 1990; December 19, 1990; May 18, 1994; May 19, 1997 and September 30, 2001 (collectively "Security Agreement").

16.    True, correct and complete copies of the Security Agreements are attached to the Bank's Amended Complaint as Exhibit C.

17.    The Security Agreements granted the Bank a security interest covering the

inventory, equipment, accounts, chattel paper and general intangibles of Developmental Diagnostics, whether then owned or thereafter acquired as more particularly described in the Security Agreement ("Security Agreement Collateral").

18. The Security Agreements secures the Promissory Note.

19. Developmental Diagnostics is in default under the Security Agreements due to the Promissory Note Default.

20. Developmental Diagnostics' default under the Security Agreement entitles the Bank to possession of the Security Agreement Collateral.

21. The Security Agreement Collateral is unlawfully detained from the Bank by Developmental Diagnostics, and the estimated value of the Security Agreement Collateral is presently unknown.

22. Pursuant to the Security Agreements, the Bank is entitled to its reasonable attorney fees.

23. The Bank has incurred reasonable attorneys' fees in the amount of Eight Thousand Fifty Dollars and No Cents ($8,050.00).

24. The lien of the Bank is superior to the lien claimed by the defendant, United States of America – Small Business Administration, but only to the extent of $84,397.26, which is comprised of the sum of $32,000.00, plus attorney fees in the sum of $8,050.00, plus the amount needed to redeem the property from tax sale in the amount of $44,347.26.

25. The lien of the Bank is superior to the lien claimed by the defendant, United States of America – Internal Revenue Service.

26. Developmental Diagnostics executed and delivered to Indiana Statewide Certified Development Corporation (hereinafter referred to as "Indiana Statewide") on November 13, 1995, a promissory note in the principal sum of $81,000.

27. A true, correct and complete copy of the Small Business Administration's ("SBA") Promissory Note is attached to the Crossclaim and Counterclaim and Third Party Complaint of the United States of America (hereinafter referred to as "United States' Crossclaim") as Exhibit "A."

28. To secure said note, Developmental Diagnostics, Inc., executed and delivered to Indiana Statewide a mortgage dated November 13, 1995, on the Real Estate as legally described therein and commonly known as 1018 Lincoln Avenue, Evansville, Vanderburgh County, Indiana 47711.

29. Said mortgage was duly and properly recorded on November 15, 1995, in the Office of the Recorder of Vanderburgh County, Indiana, as Instrument Number 95-26596, in Mortgage Drawer 12, card 2567. A copy of said mortgage is attached as Exhibit C to the United States' Crossclaim.

30. To further secure the payment of the promissory note, Developmental Diagnostics executed and delivered to Indiana Statewide a security agreement on machinery, equipment, furniture and fixtures. A copy of said security agreement is attached as Exhibit E to the United States' Crossclaim.

31. Indiana Statewide perfected its security interests in Developmental Diagnostics' assets by the filing of UCC Financing Statement No. 2020021 with the Indiana Secretary of State on November 20, 1995. This financing statement was continued with the Indiana Secretary of State on June 7, 2000, by the filing of Financing Statement No. 2028568. On the financing

statements, the Small Business Administration is listed as assignee. A copy of the financing statements are attached as Exhibit F to the United States' Crossclaim.

33. Indiana Statewide assigned the promissory note, mortgage and security agreement to the SBA, and the SBA is the holder/owner of said documents. A copy of the assignments are attached as Exhibits B and D to the United States' Crossclaim.

33. Developmental Diagnostics has defaulted in regard to the obligations due to the Small Business Administration under the provisions of the note and mortgage by virtue of its default with Fifth Third Bank, and the entire indebtedness of Developmental Diagnostics, is now due.

34. With regard to the amounts due the United States of America-SBA, as of August 22, 2005, the balance of the indebtedness of Developmental Diagnostics, consists of the principal amount of $54,383.90, and accrued interest of $1,699.32, for a total amount due and owing of $56,083.22. Interest continues to accrue at a per diem rate of $9.70 or 6.511% per annum thereafter.

35. The United States of America-SBA has made or will make payments as permitted by the provisions of the mortgage for taxes, title search, and maintenance, and such payments have now become or will become part of the indebtedness secured by the mortgage.

36. The United States of America-SBA acknowledges that the mortgage of the plaintiff, Fifth Third Bank, recorded November 15, 1995, in the Office of the Recorder of Vanderburgh County, Indiana, as Instrument No. 95-26595 is superior to the Small Business Administration's mortgage recorded November 15, 1995, in the Office of the Recorder of Vanderburgh County, Indiana, as Instrument No. 95-26596, but only as to the sum of $84,397.26,

which includes the $32,000 amount which is ahead of SBA, plus $8,050.00 for attorney fees, plus $44,347.26 to redeem the property from tax sale.

37. The United States of America-IRS acknowledges that the mortgage of the plaintiff, Fifth Third Bank, recorded November 15, 1995, in the Office of the Recorder of Vanderburgh County, Indiana, as Instrument No. 95-26595 is superior to the Internal Revenue Service's liens recorded on August 26, 2003, November 10, 2003, March 30, 2004, August 9, 2004 and December 3, 2004 in the total assessed amount of approximately $46,983.71, as of February 15, 2005, plus interest and penalties from the date or dates of assessment.

## II.

## Conclusions of Law

1. Any finding of fact that should have been a conclusion of law shall be deemed a conclusion of law. Any conclusion of law that should have been finding of fact shall be deemed a finding of fact.

2. The Bank is entitled to judgment as a matter of law because there is no genuine issue of material fact regarding Developmental Diagnostics' breach of note and balance due thereunder.

3. The Bank is entitled to judgment as a matter of law because there is no genuine issue of material fact regarding Developmental Diagnostics' breach of mortgage and the Bank's entitlement to a judgment of foreclosure.

4. The Bank is entitled to judgment as a matter of law because there is no genuine issue of material fact regarding Developmental Diagnostics' breach of security agreement and the Bank's entitlement to a judgment of replevin.

5. The SBA is entitled to judgment as a matter of law because there is no genuine issue of material fact regarding Developmental Diagnostics' breach of note and balance due thereunder.

6. The SBA is entitled to judgment as a matter of law because there is no genuine issue of material fact regarding Developmental Diagnostics' breach of mortgage and the SBA's entitlement to a judgment of foreclosure.

7. The SBA is entitled to judgment as a matter of law because there is no genuine issue of material fact regarding Developmental Diagnostics' breach of security agreement.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that judgment shall be and is hereby entered in favor of Fifth Third Bank and against Developmental Diagnostics, in the amount of $138,948.33, representing principal in the amount of $79,339.18, together with interest accrued through and including February 4, 2005 in the amount of $7,188.75, which interest shall continue to accrue at the rate of $18.73 per day as set forth in the Promissory Note until the date of the judgment herein, and together with late charges in the amount of $23.14, paid taxes in the amount of $44,347.26, and attorneys' fees in the amount of $8,050.00, plus post-judgment interest and the costs herein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that judgment shall be and is hereby entered in favor of the United States of America-SBA and against Developmental Diagnostics, Inc., in the amount of $56,083.22, representing principal in the amount of $54,383.90, together with interest accrued through and including August 22, 2005, in the amount of $1,699.32, which interest shall continue to accrue at the rate of $9.70 per day as set forth in the Promissory Note until the date of the judgment herein, and together with advances of real estate taxes, assessments, insurance premiums, and all other costs of collection in

preservation of the real estate as agreed to by the parties or as further ordered by the Court, all without relief from valuation and appraisement laws, plus post-judgment interest and the costs herein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Mortgage be, and the same is hereby, foreclosed against the Defendant, Developmental Diagnostics, and all persons claiming from, by, under or through it and any equity of redemption of the defendants, and all persons claiming from, by, under or through them be, and the same are hereby, forever barred and foreclosed; that the real estate covered by the Mortgage, and all right, title and interest in the claim of the defendants, and each of them, and all persons claiming from, by, under or through them, in and to the same shall be sold by the United States Marshal at a sale held in Vanderburgh County, Indiana, without relief from valuation and appraisement laws, subject to and in accordance with the applicable laws of the State of Indiana, and subject to the provisions hereinafter set forth; provided, however, the defendants, United States of America-SBA and United States of America-IRS, shall have the right to redeem the mortgaged Real Estate as provided under 28 U.S.C. § 2410(c).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the United States Marshal sell the real estate covered by the Mortgage situated in Vanderburgh County, State of Indiana, at a public auction, subject to the United States' right of redemption pursuant to 28 U.S.C. § 2410(c), as hereinafter described:

> Part of Lot Ten (10) in Block Seven (7) in Auburn, an addition to the City of Evansville, as per plat thereof, recorded in Plat Book C, pages 242 and 243, in the office of the Recorder of Vanderburgh County, Indiana, more particularly described as follows:
>
> Beginning at the southwest corner of said Lot Ten (10); thence north on the west line thereof, two hundred twenty-six (226) feet; thence east, parallel with the south

> line of said lot, forty-five (45) feet; thence south, parallel with the west line of said lot, two hundred twenty-six (226) feet; thence west on the south line of said lot forty-five (45) feet to the place of beginning.
>
> ALSO, Lot Eleven (11) in Block Seven (7) in Auburn, an addition to the City of Evansville, as per plat thereof, recorded in Plat Book C, pages 242 and 243, in the office of the Recorder of Vanderburgh County, Indiana.

Commonly known as 1018 Lincoln Avenue, Evansville, Indiana 47714, together with all improvements located thereon and all tenements, hereditaments, easements, appurtenances and other rights and privileges thereunto, and subject to the provisions hereinafter and hereinbefore set forth, and said real estate shall be sold to the person, firm or corporation submitting the highest bid for said real estate; provided, however, the defendants, United States of America-SBA and United States of America-IRS, shall have the right to redeem the mortgaged Real Estate as provided under 28 U.S.C. § 2410(c).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that in connection with said sale, upon completion of the bidding, the United States Marshal shall require the highest bidder to immediately deposit with him cash, or a certified or cashier's check, for the full amount of the bid, and if said deposit is not made the said real estate shall again be offered for sale at one or more times until said Marshal has received from the highest bidder the deposit as aforesaid in the full amount of the bid; provided, however, if the highest bidder for the said real estate is the Bank herein, the Bank may, in lieu of making a deposit as aforesaid, provide for payment of the purchase price by delivering to the Marshal a receipt in the amount of said bid to be credited against the Bank's judgment herein, and by depositing any amount of the bid greater than the Bank's judgment with the Marshal as aforesaid; and that said Marshal shall complete the sale of said real estate by executing and delivering a deed to the person, firm or corporation making the bid and deposit, if any, on the said real estate, and make his return on the order of sale

to the Clerk in accordance with statute; provided, however, the defendants, United States of America-SBA and United States of America-IRS, shall have the right to redeem the mortgaged Real Estate as provided under 28 U.S.C. § 2410(c).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the United States of America may submit a sealed written bid to the United States Marshal at any time prior to the Marshal's sale. The Marshal shall unseal and publicly announce the United States' bid prior to receiving bids from persons present at the Marshal's sale. The public announcement of the United States' written bid shall have the same effect as if a representative of the United States were present and submitted its bid at the Marshal's sale. The United States may pay its bid with any part of the judgment that the United States is awarded in this judgment and Decree of Foreclosure.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the proceeds derived from the sale of the said real estate covered by the Mortgage be applied, in the order listed, as follows:

First, to the payment of costs and accruing costs, including the fees and expenses of the United States Marshal, existing as of the date of said sale;

Second, to the payment of the judgment of the Bank in the amount of $84,397.26 of which shall be prior the Small Business Administration judgment - together with interest at the rate of eight percent (8%) per annum to the date of judgment, together with any expenses hereinafter incurred by the Bank for taxes, insurance, and maintenance of the said real estate. Post judgment interest shall accrue thereafter at the legal rate pursuant to 28 U.S.C. Section 11961 (a), and shall be computed daily and compounded annually until paid in full;

Third, to the payment of the judgment of the United States of America - SBA, in the sum of $56,083.22 as of August 22, 2005, plus interest thereafter to date of judgment at the rate of $9.70 per diem or 6.511% per annum, plus costs of this action and accruing costs, including but not limited to advances of real estate taxes, assessments, insurance premiums, and all other costs of collection in preservation of the real estate as agreed to by the parties or as further ordered by the Court, all without relief from valuation and appraisement laws. Post judgment interest shall accrue thereafter at the legal rate pursuant to 28 U.S.C. Section 1961 (a), and shall be computed daily and compounded annually until paid in full;

Fourth, to the remainder of the amount owed the Bank under this judgment; and

Fifth, to the payment of the judgment of the United States of America - IRS, by virtue of the lien(s) arising under the Internal Revenue laws, as averred in the complaint, in the total assessed amount of approximately $46,983.71, as of February 15, 2005, plus interest and penalties from the date or dates of assessment, notices of which were filed with the county recorder on: December 3, 2004; August 9, 2004; March 30, 2004; November 10, 2003 and August 26, 2003, as provided by law.

Sixth, the surplus, if any, shall be paid by the United States Marshal to the Clerk of this Court for the use of the parties lawfully entitled thereto and authorized to receive the same.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that upon the sale of the Real Estate by the United States Marshal, possession of the property shall be delivered by the Defendant, Developmental Diagnostics Inc., to the purchaser or purchasers thereof.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the United States Marshal shall seize and take into custody the following property:

> all of Developmental Diagnostics' inventory, equipment, chattel paper, and general intangibles, whether owned at the time of the loan or thereafter acquired, and the proceeds and products thereof,

and deliver it to the Bank.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that Bank shall first apply the proceeds from the replevin of the personal property to its indebtedness prior to applying the proceeds from the sale of the real property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that should the property sell for less than what is owed to the United States of America-SBA, then the United States shall have and recover a deficiency judgment against the defendant Developmental Diagnostics, Inc., for any deficiency remaining after sale of the subject real estate and application of the proceeds, if any, to the debt of the United States of America-SBA.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Marshal serve without delay upon the defendants a copy of this order of possession by delivering the same to them personally or their agent from whose possession the property is taken; or, if neither can be found, by leaving it at the usual place of abode of either with some person of suitable age and discretion; or, if any of the defendants nor their agent has any known usual place of abode, by mailing it to the defendants' last known addresses.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that there being no just reason for delay, the Clerk of this Court shall, and is hereby directed to, enter this judgment as a final order.

Date: November 28 , 2005

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

AGREED AS TO FORM AND CONTENT:

_____
Catherine A. Nestrick/Shawn N. Rountree
BAMBERGER, FOREMAN, OSWALD AND HAHN, LLP
Attorneys for Fifth Third Bank (Southern Indiana)


_____
Marilyn R. Ratliff
Attorney for Defendants, Developmental Diagnostics, Inc., Barbara A. Barlow,
Harriet A. Sheets, Work Able, Inc. and Quality Services of Southern Indiana, Inc.


SUSAN W. BROOKS
United States Attorney


By: _____
Debra G. Richards
Assistant United States Attorney
Attorney for Defendants, United States of America – Small Business Administration and
United States of America – Internal Revenue Service

Distribution:

Debra G. Richards
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Catherine A. Nestrick
Shawn N. Rountree
BAMBERGER, FOREMAN, OSWALD AND HAHN, LLP
7th Floor Hulman Building
20 N.W. 4th Street
PO Box 657
Evansville, IN 47704

Marilyn Ratliff
123 NW Fourth Street, Suite 304
Evansville, IN 47708